IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MUHAMMAD WURIE JAH,** | : | **CIVIL ACTION NO. 1:07-CV-1260** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **MICHAEL CHERTOFF, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,** | : | |
| Respondents | : | |

**MEMORANDUM**

Muhammad Wurie Jah, ("Jah"), presently a detainee of the United States Immigration and Customs Enforcement ("ICE"), incarcerated at the Clinton County Correctional Facility, McElhattan, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241on July 12, 2007, seeking release from mandatory detention during the pendency of his removal proceedings. (Doc. 1, p. 6). He is seeking to proceed *in forma pauperis*. (Doc. 2). For the reasons set forth below, the petition will be denied.

**I.   Factual Background**

Jah, a native of Liberia and citizen of the Netherlands, was admitted to the United States on or about June 14, 1990, as a lawful permanent resident. (Doc. 1-2, p. 16, Exhibit ("Ex.") 3, Notice to Appear). On February 23, 2006, ICE issued a "Notice to Appear" for removal proceedings under section 240 of the Immigration and Nationality Act (the "Act"), as amended, charging that he was removable under

sections 237 (a)(2)(A)(iii) because he was "convicted of an aggravated felony as defined in section 101(a)(43)(M) of the Act, a law relating to an offense that (i) involves fraud or deceit in which the loss to the victim or victims involves $10,000; or (ii) is described in The Internal Revenue Code of 1986, Section 7201 (relating to tax evasion) in which the revenue loss to the Government exceeds $10,000. (Id.)

Jah was taken into ICE custody on March 10, 2006. (Doc. 1, p. 5). On June 1, 2006, he was ordered removed from the United States to the Netherlands. (Doc. 1, p. 21, Ex. 5). He filed a timely notice of appeal. (Doc. 1, p. 6, ¶ 26). On August 16, 2006, the Board of Immigration Appeals ("BIA") reviewed the matter and, after discovering that the tape containing the testimony of the hearings was defective, remanded the matter to the Immigration Judge ("IJ") "to enable preparation of a complete transcript of the proceedings including a new hearing, if necessary." (Doc. 1-2, p. 23, Ex. 6). On February 23, 2007, following a new hearing, Jah was again ordered removed. (Doc. 1, p. 8, ¶ 34). Jah appealed the decision. (Id. at ¶ 35). The appeal is presently pending before the Board of Immigration Appeals. (Id. at ¶ 37).

## II.  Discussion

The apprehension and detention of aliens, pending removal decisions, are governed by the provisions of 8 U.S.C. § 1226. Under § 1226(a), the Attorney General may issue a warrant for arrest and detention of an alien, pending a decision on whether the alien is to be removed from the United States. Although § 1226(a) permits discretionary release of aliens on bond, § 1226 (c)(1) states that "The

Attorney General shall take into custody any alien who– (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1). Aggravated felonies fall under § 1226(a)(2)(A)(iii). It is clear that Jah's February 23, 2007 order of removal is not administratively final and that his detention is authorized by 8 U.S.C. § 1226(c); as such, his detention is mandatory.

Further, the United States Supreme Court held in <u>Demore v. Hyung Joon Kim</u>, 538 U.S. 510 (2003), that detention during the pendency of removal proceedings does not violate the protections guaranteed under the Constitution. In <u>Demore</u>, a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him. The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible even where there has been no finding that they are unlikely to appear for their deportation proceedings. <u>See id</u>., 538 U.S. at 523-524. Therefore, as Jah's detention is both mandatory and constitutionally permissible, his petition for release from custody will be denied.

An appropriate order will be entered.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:      July 31, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MUHAMMAD WURIE JAH,** : | **CIVIL ACTION NO. 1:07-CV-1260** |
| Petitioner : | (Judge Conner) |
| v. : | |
| **MICHAEL CHERTOFF, SECRETARY** : **OF THE UNITED STATES** **DEPARTMENT OF HOMELAND** : **SECURITY**, et al., : | |
| Respondents : | |

## ORDER

AND NOW, this 31st day of July, 2007, upon consideration of the petition for writ of habeas corpus (Doc. 1), it is hereby ORDERED that:

1. The application to proceed *in forma pauperis* (Doc. 2) is GRANTED.

2. The petition for writ of habeas corpus (Doc. 1) is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge